1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ALEXEY POPOV,                          )      1:06-cv-00945-OWW-TAG HC
                                          )
10                      Petitioner,       )
                                          )      ORDER TO FILE AMENDED PETITION
11       v.                               )
                                          )
12  JOHN MARSHALL,                        )
                                          )
13                      Respondent.       )
                                          )
14  _____ )

15       _____Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ

16  of habeas corpus pursuant to 28 U.S.C. § 2254.

17       Petitioner filed his Petition on July 21, 2007.  (Doc. 1).  Petitioner alleges one claim of

18  ineffective assistance of counsel against his trial counsel and another claim of ineffectiveness against

19  his appellate counsel, for, respectively, failing to retain an expert witness to testify to Petitioner's

20  mental incapacity, and failing to pursue such grounds in Petitioner's direct appeal.

21                                   **DISCUSSION**

22       Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

23  of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

24  from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

25  Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court

26  will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A

27  preliminary review of the Petition reveals that Petitioner may not have exhausted his state court

28  remedies and may also have filed his Petition beyond the applicable one-year statute of limitations

1

1  period.  Petitioner's two claims do appear at this point to state cognizable constitutional claims.

2       The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte*

3  and dismiss the petition on those grounds.  Herbst v. Cook, 260 F.3d 1039, 1042-44 (9th Cir. 2001)

4  (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations

5  that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the

6  burden of providing an adequate response).

7       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

8  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

9  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

10  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

11  (1997).  The instant petition was filed on July 21, 2006; thus, it is subject to the provisions of the

12  AEDPA.

13       The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

14  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

15  reads:

16       (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court.  The
17  limitation period shall run from the latest of –

18       (A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;
19

20       (B) the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United States is removed, if
the applicant was prevented from filing by such State action;
21

22       (C) the date on which the constitutional right asserted was initially recognized by
the Supreme Court, if the right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or
23

24       (D) the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

25       (2) The time during which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or claim is pending shall
26  not be counted toward any period of limitation under this subsection.

27  28 U.S.C. § 2244(d).

28  ///

1    Here, Petitioner asserts that he was convicted on September 27, 2000, and that the California

2    Court of Appeal, Fifth Appellate District ("5th DCA") affirmed his conviction on May 30, 2002.

3    (Doc. 1, pp. 1-2).  Petitioner does not indicate that he ever filed a Petition for Review in the

4    California Supreme Court on direct appeal, nor does the Court's independent review of the electronic

5    database for the California Courts reveal that any such filing was ever made.  Therefore, direct

6    review would have concluded on July 30, 2002, when the 5th DCA issued its remittitur.  Under 28

7    U.S.C. § 2244(d), the AEDPA's one-year statute of limitations would have commenced the

8    following day and would have expired one year later on July 31, 2003.

9    Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

10   for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

11   pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  See

12   Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner is normally entitled to one

13   "full round" of collateral review in state court without federal interference.  While the "full round" is

14   properly in progress, the AEDPA's one-year statute is tolled.).   Welch v. Carey, 350 F.3d 1079 (9th

15   Cir. 2003) cert. denied by Welch v. Carey, 2004 U.S. LEXIS 3930 (June 1, 2004).

16   Petitioner indicates that he filed various state habeas petitions, the first of which was filed on

17   April 5, 2004 and rejected by the California Supreme Court on March 16, 2005.  Thereafter,

18   Petitioner filed a state habeas petition on July 22, 2005, which was denied on November 1, 2005.

19   Petitioner also apparently filed a state petition in the 5th DCA on February 17, 2004, that was denied

20   two days later.

21   From the foregoing, it appears that Petitioner may be entitled to statutory tolling for pending

22   state habeas petitions from approximately April 5, 2004 through March 16, 2005, and from July 22,

23   2005 through November, 2005.  The instant petition was filed on July 21, 2006.  However, it does

24   not appear that Petitioner was entitled to any statutory tolling from the issuance of remittitur by the

25   5th DCA on July 30, 2002 until his first state petition was filed on April 5, 2004.  As mentioned, it

26   would thus appear that the one-year statute of limitations expired on July 31, 2003, thus terminating

27   this Court's ability to review his habeas petition.  Moreover, because the statute of limitations would

28   have already expired before Petitioner filed his first state habeas petition in the 5th DCA on April 5,

1   2004, those state habeas petitions would not afford Petitioner any tolling effect.  <u>Green v. White</u>, 223

2   F.3d 1001, 1003 (9th Cir. 2000)(Petitioner not entitled to tolling where limitations period already had

3   expired prior to filing state habeas proceedings); <u>see</u> <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th

4   Cir. 2000)(same); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (9th Cir. 1999)(petitioner fails to exhaust

5   claims raised in state habeas corpus filed after expiration of one-year limitations period).

6       However, it is possible that Petitioner did file a Petition for Review in the California

7   Supreme Court on direct review and has simply neglected to inform the Court of that fact.  Also, it is

8   possible that Petitioner had filed other state habeas petitions that would entitle him to statutory

9   tolling during the period in question, i.e., from July 31, 2002 through April 5, 2004, but has

10  neglected to inform the Court.  Thus, because it is possible that Petitioner has simply failed to fully

11  inform the Court of facts that might entitled him to statutory tolling, thus making the instant petition

12  timely under the AEDPA, the Court will grant Petitioner leave to file an amended petition.  In that

13  amended petition,  Petitioner should include the specific dates on which <u>any</u> state court collateral

14  proceedings or direct appeal were pending so that the Court can ascertain whether or not the statute

15  of limitations has expired with respect to Petitioner's claims.

16                                              **ORDER**

17      Accordingly, IT IS HEREBY ORDERED that:

18  1)  Petitioner is granted thirty (30) days from the date of service of this order to file an

19      amended petition.  Petitioner must inform the Court what claims have been presented to

20      the California Supreme Court as well as the dates when the California Supreme Court

21      ruled on those claims.[1]  Petitioner must also inform the Court as to all state habeas

22      petitions he has filed, the courts in which those petitions were filed, and the dates on

23      which the courts ruled on those petitions.  Petitioner is forewarned that failure to follow

24      this order will result in dismissal of the petition pursuant to Local Rule 11-110.

25  ///

26  ─────────────────

27      [1]In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As mentioned, the limitations period is tolled during the time a petition for writ of habeas corpus is pending

28  in state court.  However, it is not tolled for the time a *federal* petition is pending in federal court.  <u>Duncan v. Walker</u>, 121 S.Ct. 2120, 69 USLW 4473 (2001).

1    Petitioner is advised that the amended petition should be clearly entitled "Amended Petition

2    for Writ of Habeas Corpus."  Petitioner is advised that the petition must set forth his claim(s),

3    including all the facts and arguments in support of said claim(s).  With respect to any claims raised in

4    an amended petition, Petitioner must have presented those claims, either in his original state court

5    appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to

6    raising them in this Court.  It is Petitioner's responsibility to advise the Court in his amended petition

7    of the dates when the state courts ruled on the issues Petitioner raised.  **The Court will not consider**

8    **the original petition**.

9    Petitioner's failure to file an amended petition in a timely fashion will result in a

10   recommendation that the petition be dismissed for Petitioner's failure prosecute the case and obey

11   orders of the Court.

12

13   IT IS SO ORDERED.

14   Dated:   **November 21, 2007**                                **/s/ Theresa A. Goldner**
                                                                     UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

5