UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEXEY POPOV, | ) | 1:06-cv-00945-OWW-TAG HC |
|          Petitioner, | )<br>) | FINDINGS AND RECOMMENDATIONS TO DISMISS AMENDED PETITION AS |
| v. | ) | UNTIMELY (Doc. 8) |
| | ) | ORDER DIRECTING OBJECTIONS TO BE |
| JOHN MARSHALL, | ) | FILED WITHIN TWENTY DAYS |
|          Respondent. | )<br>) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on July 21, 2006. (Doc. 1). On November 26, 2007, the Court ordered Petitioner to file an amended petition explaining why the petition was filed beyond the one-year statute of limitations. (Doc. 5). On January 23, 2008, Petitioner filed his amended petition. (Doc. 8). In that petition, Petitioner essentially acknowledges that his petition was filed beyond the one-year limitation period, but contends that he is entitled to equitable tolling. For the reasons set forth below, the Court disagrees that equitable tolling applies in this case, and therefore recommends that the petition be dismissed as untimely.

DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

1

not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-1042. The Court has satisfied the notice requirement by advising Petitioner of the timeliness problem and affording him an opportunity to explain why the petition should not be dismissed as untimely.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on July 21, 2006, and is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

///

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this instance, the California Court of Appeal, Fifth Appellate District ("5th DCA"), affirmed Petitioner's conviction on May 30, 2002. Petitioner did not file a petition for review.[1] According to the Rules of Court, a decision becomes final thirty days after filing, and an appeal must be taken to the California Supreme Court within ten days of finality. Rule 24(a), 28(b), Cal.R.Ct. Thus, direct review would have concluded forty days after May 30, 2002, or on July 9, 2002. Petitioner would then have had one year, or until July 10, 2003, within which to file his petition. As mentioned, the petition was not filed until July 21, 2006, over three years after the limitations period had expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling for that entire period, his federal habeas petition is late and must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d

---

[1] Although Petitioner has indicated on the form petition that "Direct Review in the California Supreme Court concluded" on July 30, 2002, the case number he lists, No. S132670, is in fact the case number for one of his habeas petitions that was denied on October 26, 2005, not the case number for a petition for review. The Court takes judicial notice that the California courts' electronic database reflects that no petition for review was filed. Fed. R. Evid. 201.

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2. Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

3

557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  However, the limitation period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

Here, based on the Court's review of the state courts' database and upon the documents and allegations in the amended petition, it appears that Petitioner filed the following state habeas petitions: (1) petition filed in the 5th DCA on February 17, 2004 and denied on February 19, 2004 (3 days); (2) petition filed on April 5, 2004 in the California Supreme Court and denied on March 16, 2005 (346 days); (3) petition filed on April 14, 2005 in the Fresno County Superior Court and denied on April 21, 2005 (8 days); (4) petition filed on July 22, 2005 in the 5th DCA and denied on July 28, 2005 (7 days); (5) petition filed in the California Supreme Court on August 9, 2005 and denied on October 26, 2005 (79 days).   Thus, the total number of days of statutory tolling to which Petitioner could be entitled is 443 days.

However, a petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitation period).  Here, as mentioned, the limitation period expired on July 10, 2003, approximately seven months *before* Petitioner filed his first state habeas petition on February 17, 2004. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

However, even assuming, arguendo, that Petitioner is entitled to the 443 days of statutory tolling, the petition would still be untimely.  The time between July 9, 2002 and the filing of the original petition on July 21, 2006 is 1,474 days.  Assuming, without deciding, that Petitioner would be entitled not only to tolling during the pendency of the petitions discussed above, but also to the

1   intervals between those petitions, i.e., from February 17, 2004, the date of filing his first petition,
2   until October 26, 2005, the date of denial of his last petition, he would therefore be entitled to 614
3   days of statutory tolling. Adding this to the one-year AEDPA period of 365 days results in a tolling
4   of 979 days. However, as mentioned, Petitioner needed to account for 1,474 days. By this
5   reckoning, there are still 495 days unaccounted for.

6   Therefore, under either analysis, statutory tolling does not make the instant petition timely
7   under the AEDPA. Unless Petitioner is entitled to equitable tolling, the petition is untimely.

8   D.  Equitable Tolling

9   The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
10  prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S.
11  Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (citing Alvarez-Machain v. United States, 107
12  F.3d 696, 701 (9th Cir. 1997). "When external forces, rather than a petitioner's lack of diligence,
13  account for the failure to file a timely claim, equitable tolling of the statute of limitations may be
14  appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

15  Here, Petitioner concedes that the petition is late; however, he contends that he is entitled to
16  equitable tolling because for a significant portion of the period between the end of his direct review
17  and the commencement of his round of state habeas petitions, he was incarcerated in facilities that
18  were in a "lockdown" status, thus limiting Petitioner's access to the prison law library. (Doc. 8, pp.
19  15-17). Petitioner alleges that on April 15, 2002, he was transferred to the state prison in Tehachapi,
20  California, which was in lockdown status for five of his eight months there. (Id. at p. 15).
21  Thereafter, he was transferred to Corcoran State Prison, which was in lockdown status for seven
22  months. (Id.). Petitioner alleges that it was only when he was transferred to the California Men's
23  Colony on March 11, 2004, that he was able to regularly access the prison law library. (Id. at p. 16).
24  Petitioner also contends that he has spent his time "wisely" while in prison, earning a college degree
25  in international business. (Id. at p. 17). None of these allegations, however, entitle Petitioner to
26  equitable tolling.

27  Unpredictable lockdowns or library closures do not constitute extraordinary circumstances
28  warranting equitable tolling in this case. For these reasons, this Court finds that the lockdowns and

5

1  limited library access do not warrant equitable tolling in this case.  See United States v. Van Poyck,
2  980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters
3  and lockdowns at prison lasting several days and allegedly eliminating access to law library were not
4  extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v.
5  Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and
6  transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA]
7  statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such
8  matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged
9  lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL
10 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary
11 circumstances warranting equitable tolling).   Petitioner's limited legal knowledge is no different
12 than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.
13 Such circumstances are not extraordinary and do not justify equitable tolling.  If limited resources
14 and legal knowledge were an excuse for not complying with the limitation period, the enactment of
15 the AEDPA would have been futile since most incarcerated prisoners have these same problems.
16 Thus, the limitations period will not be equitably tolled for the alleged lockdowns.

17      As equitable tolling applies only where prisoner has diligently pursued claims, but has in
18 some "extraordinary way" been prevented from asserting his rights, the Court must also consider
19 Petitioner's diligence in pursuing his claims.   Apart from his limited access to law library resources,
20 nothing in the record suggests that Petitioner was otherwise prevented from diligently pursuing his
21 state remedies.  A petitioner who fails to act diligently cannot invoke equitable principles to excuse
22 his lack of diligence. See  Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S. Ct.
23 1723 (1984); see also, Miles, 187 F.3d at 1107.   The mere fact that law library facilities were limited
24 does not show that Petitioner acted with diligence.  Petitioner does not allege that he had no access
25 whatsoever to library facilities, nor does he allege that he was physically or mentally prevented or
26 otherwise unable to fill out the form petition during the one-year period.  The Court is cognizant of
27 the inherent difficulties an indigent inmate faces when representing himself .  However, those
28 difficulties make it all the more crucial that a pro se petitioner act with diligence to ensure that the

AEDPA's strict time deadlines do not foreclose him from having his day in court.  In this case, the Court finds that Petitioner did not act with diligence.

Nor is Petitioner entitled to equitable tolling for having obtained his college degree.  While laudable, an inmate's successful pursuit of higher education does not excuse his lack of diligence in failing to file a timely federal petition since a college degree does not establish that events beyond his control prevented him from filing a timely petition.  To the contrary, if Petitioner had the time to complete his college education, it seems reasonable he would also have had time to complete a pre-printed form petition for writ of habeas corpus and submit it to prison authorities within the one-year limitation period.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that the amended petition (Doc. 8) be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 6, 2008**                             **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE